Braulio Sebastian Sanchez, Esquire
Arizona Bar No.: 028046
Sanchez Law Group P.L.L.C.
340 W. 5th Street
Yuma, Arizona 85364
Tel: (928) 782-3110
Fax: (928) 569-0146
Email: staff@sanchezlawteam.com
For Defendant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    vs.<br><br>Freddy Iram Zavala Velarde,<br><br>        Defendant. | No. CR-24-1113-PHX-JJT<br><br>**DEFENDANT'S OBJECTIONS TO DRAFT PRESENTENCE INVESTIGATION REPORT CALCULATION** |

## I.    INTRODUCTION

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure and Local Criminal Rule 32.1, the defendant, Freddy Zavala, by and through undersigned counsel, respectfully submits his objection to the draft presentence investigation report (Doc. 46 [PSR]).  These objections are based on guideline calculations. These objections will impact guideline calculations, as explained below, as well as the sentencing factors in 18 U.S.C. section 3553 (a), which Mr. Zavala will address in his sentencing memorandum to be submitted at a later date.

## II.    OBJECTION (S)

### U.S.S.G. section 2K2.1(b)(6)(A)

The draft PSR recommends a four-level enhancement against Mr. Zavala for possessing or transferring any firearms with knowledge, intent, or reason to

1

believe that it would be transported out of the United States under U.S.S.G. section 2K2.1(b)(6)(A).  See Paragraph 21.  According to the draft PSR, this determination was made based on his firearm purchases coinciding with border crossing encounters.

Back then, Mr. Zavala used to live half of the time in Mexico.  Mr. Zavala bought the guns upon the request from Luis Gonzalez, whom he had met at San Luis High School when both were students.  *See* PSR paragraph 12.  Through Luis Gonzalez, the defendant met Orlando Mendez at a party in Mexico.  Mr. Zavala was offered by Luis Gonzalez between $100 to $150 per firearm purchased.  Mr. Zavala's encounters with Luis Gonzalez occurred in San Luis, AZ.  Also, he got paid in the United States by Luis Gonzalez, and he gave the guns to Luis in San Luis, AZ as well.  Mr. Zavala did not ask as to the reason why they wanted the firearms nor why they could not buy them themselves.  He was offered an opportunity to make some extra money, and he foolishly took it due to stupidity and immaturity.  Finally, just because several firearms were recovered in Mexico does not mean he had reason to believe such firearms were going there.

**U.S.S.G. section 2D1.1(b)(5)(A) and (B)**

The presentence report does not recommend an adjustment for mitigating role. PSR Paragraph 23.

Here, Mr. Zavala merits an adjustment for mitigating role.

According to Note 1 for U.S.S.G. section 3B1.1 (a):

1. A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant.

Furthermore, Notes 2, and 3 for U.S.S.G. section 3B1.2 state:

2. Requirement of Multiple Participants.—This guideline is not applicable unless more than one participant was involved in the offense. See the Introductory Commentary to this Part (Role in the Offense). Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment.

3. Applicability of Adjustment.—
(A) Substantially Less Culpable than Average Participant.—This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity.

(C) Fact-Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i)    the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

3

(iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)    the degree to which the defendant stood to benefit from the criminal activity.

Here, Mr. Zavala does meet the criteria for an adjustment under a mitigating role.  First, his degree of knowledge in the scheme was minimal.  He was only paid between $100 to $150 per firearm and no questions asked.  Second, Mr. Zavala played no role in the planning or organization of the criminal activity. Third, Mr. Zavala did not exercised any decision-making authority.  Fourth, Mr. Zavala had no responsibility or discretion.  His only job was to buy the firearms, give them to Luis Gonzalez in San Luis, AZ and get paid per firearm.  Finally, the only benefit he received from this activity was the $100-$150 per firearm he made.

Consistent with the facts of this case, and relevant guidance for the application of § 3B1.2, Mr. Zavala's role as a straw person merits a mitigating role adjustment pursuant to § 3B1.2. Mr. Zavala respectfully submits his offense level should be adjusted as follows:

4

• If Mr. Zavala is determined to be a "minor" participant, his adjusted offense level should be 12.[1]

### III. CONCLUSION

For the above stated reasons, Mr. Zavala requests this objection be sustained, and the report amended.

Respectfully submitted: July 25, 2025.

s/Braulio S. Sanchez
Braulio Sebastian Sanchez, Esq.
Attorney for Defendant

---

[1] Assuming the Court grants defendant's objection pursuant to U.S.S.G. section 2K2.1(b)(6)(A), otherwise, the adjusted offense level should be 15.

## CERTIFICATE OF SERVICE

I hereby certify that on *July 23, 2025*, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

**Jacqueline Nan Schesnol**
US Attorneys Office - Phoenix, AZ
40 N Central Avenue, Suite 1800
Phoenix, AZ 85004-4408
602-514-7689
jacqueline.schesnol@usdoj.gov

Copy Mailed to:

Freddy Iram Zavala Velarde
Defendant
PO BOX 14301
San Luis, AZ 85349

*/s/ Braulio Sebastian Sanchez*

6