TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-01113-001-PHX-JJT |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Freddy Iran Zavala Velarde, | |
| Defendant. | |

Defendant Freddy Iran Zavala Velarde ("Defendant" or "Velarde") pleaded guilty to Count 13 of the Indictment, Material False Statement During the Purchase of a Firearm. Sentencing is scheduled to take place on October 20, 2025. In preparation for sentencing, the United States Probation Office has prepared a Presentence Report ("PSR"). (ECF 56.) The United States has no legal objections or factual corrections to the PSR and agrees with the PSR calculations resulting in a Final Offense Level of 17 and Criminal History Category I. (PSR at ¶¶ 29, 34, and 49.) This results in a Guidelines range of 24-30 months' imprisonment. The United States recommends a custodial sentence of 12-months and one-day of imprisonment, which is well below the United States Sentencing Guidelines ("Guidelines").

//

//

//

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant for 13 crimes, on June 26, 2024.  On April 9, 2025, Defendant pleaded guilty to Count 13 of the Indictment, Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 922(a)(6) and 924(a)(2).  Defendant agreed with the facts in his plea agreement, including:

On May 17, 2023, I, Defendant FREDDY IRAM ZAVALA VELARDE, purchased a firearm at Jones & Jones in Somerton, Arizona.  Jones & Jones is a Federal Firearms Licensee (FFL) licensed under Chapter 44 of Title 18 United States Code.  To obtain the firearm, I completed the Firearms Transaction Record, known as ATF Form 4473, at Jones & Jones on May 17, 2023.  Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Question 21(a) on ATF Form 4473 states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person."  In response to Question 21(a), I selected "Yes" that I was the actual purchaser/buyer.  However, I knew that I was purchasing the firearms on behalf of another person.

From approximately January 18, 2023, to May 17, 2023, I, Defendant FREDDY IRAM ZAVALA VELARDE, purchased 20 firearms.  I was paid $100-$150 per firearm I purchased for others.

It is also important to note these facts:

Velarde traveled to Mexico on or about the same days he purchased firearms; four of the firearms Velarde purchased have been recovered in Mexico; and Velarde was in contact with, and took instructions from, an individual he met in Mexico and had contact with that individual via a Mexican phone number.  (PSR at ¶¶ 8, 13, 14, and 21.)

Defendant Velarde completed 13 separate ATF Forms 4473 to purchase 20 firearms, for approximately $18,000, from six Federal Firearms Licensees on 12 separate dates. Velarde was paid for each firearm he purchased for another person, and it appears he drove firearms from the United States into Mexico.

## II.     UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant Velarde receive a sentence of 12-months and one-day of imprisonment, three years of supervised release, and a $100 special assessment. The United States will dismiss Counts 1-12 of the indictment.

### A.     Prison Sentence is Appropriate Pursuant to § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that a below Guidelines sentence of incarceration for Defendant Velarde is a fair and just sentence, which is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.     Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Velarde's offense are concerning. Purchasing firearms with the intent of those going to a person for whom the government

has not had the opportunity to conduct a background check has the potential to put deadly weapons into the hands of dangerous individuals. Here, firearms were obtained for an individual in Mexico, and four of the firearms have been recovered in Mexico. However, Defendant Velarde's crimes did not span a lengthy time period, and he has remained law abiding. These factors weigh in favor of the recommendation herein.

### 2. Defendant's History and Characteristics

Defendant Velarde's history and characteristics weigh in favor of a below Guideline prison sentence. Defendant Velarde was young when the crimes were committed, he has no other criminal history, he is pursuing an education, and he is employed. Defendant Velarde has remained law abiding since the time of contact with law enforcement. However, it should be noted, that had law enforcement not contacted Velarde, it is reasonable to infer that his criminal conduct would have continued.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant Velarde's crime is a serious offense, with the potential for danger to the community. However, considering all the relevant factors, a below Guidelines prison is appropriate for this individual.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, even before being indicted, Defendant Velarde had been deterred from engaging in further criminal activity. The government is optimistic that a felony conviction and short prison sentence will be a specific deterrent from future criminal activity.

The need for deterrence also extends beyond preventing recidivism by just a specific defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451

F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Here, other people should be deterred from committing a similar crime based on Defendant Velarde's conviction and his law-abiding conduct since law-enforcement contact.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant's contact with the criminal justice system, a short term of incarceration, and felony conviction should be a sufficient deterrent with will serve to protect the public from Defendant Velarde. He has demonstrated that he is unlikely to be a threat to the public in the future.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). From review of the PSR, it does not appear that Defendant Velarde is in need of assistance regarding vocational skills or employment opportunities.

### B. A Three-Year Term of Supervised Release is Appropriate

The United States recommends that Defendant Velarde be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It is also necessary to protect the public from further crimes by Velarde and to deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

//

//

//

//

//

## III.  CONCLUSION

The United States recommends that Defendant Velarde receive a 12-months and one-day of imprisonment.  This sentence takes into consideration the seriousness of the crime and balances that with Velarde's history and characteristics.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 14th day of October, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Braulio Sebastian Sanchez
Counsel for Defendant Velarde

*s/ J. Schesnol*
U.S. Attorney's Office